09-3807-ag
Zheng v. Holder

BIA
A029 791 081

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of July, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

DE JI ZHENG,
> *Petitioner*,

> v.                                        09-3807-ag
>                                           NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:      Lee Ratner, Law Offices of Michael Brown, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Ethan B. Kanter, Senior Litigation Counsel; Zoe J. Heller, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner De Ji Zheng, a native and citizen of the People's Republic of China, seeks review of the August 20, 2009, order of the BIA denying his motion to reopen. *In re De Ji Zheng*, No. A029 791 081 (B.I.A. Aug. 20, 2009). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). To the extent the BIA evaluated Zheng's country conditions evidence, we will uphold its findings so long as they are supported by substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA did not abuse its discretion in denying Zheng's motion to reopen as untimely and number-barred. *See Ali*, 448 F.3d at 517. A motion to reopen must generally be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened and only one such motion may be filed.

2

8 C.F.R. § 1003.2(c)(2). There is no dispute that Zheng's second motion to reopen, filed in February 2009, was numerically barred and untimely. *See id.* Moreover, the agency did not abuse its discretion in finding that Zheng's political activities in the U.S. did not constitute "changed circumstances arising in [his] country of nationality" sufficient to excuse the time and number limitations barring his motion. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Zheng argues that his political activities in the U.S. were not "self-induced" because he joined the China Freedom and Democracy Party ("CFDP") by invitation. That argument has no bearing on the BIA's reasonable determination that his activities did not "arise" in China. *See id.*

Although Zheng argues that the evidence he submitted with his motion demonstrated changed country conditions with respect to China's treatment of returnees who participated in pro-democracy activities overseas, the BIA did not err in according his evidence diminished weight, particularly in light of the adverse credibility finding the Immigration Judge ("IJ") had made in the underlying proceedings. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (holding that the BIA reasonably rejected an unauthenticated

3

document when the IJ had previously found the applicant not credible); *Poradisova v. Gonzales*, 420 F.3d 70, 81 n.8 (2d Cir. 2005) (noting that the agency has broad discretion in the weight it accords evidence); *see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214 & n.5 (BIA 2010) (reasoning that authentication is more reasonably expected when a document allegedly authored by local officials concerning what will happen to an applicant is obtained for purposes of asylum proceedings).

Zheng's argument that the IJ's adverse credibility finding pertained only to his family planning claim, as opposed to his political activities, is likewise without merit. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (holding that the BIA may refuse to credit documentary evidence based on an IJ's finding that the applicant's testimony was not credible, relying on the maxim *falsus in uno, falsus in omnibus*) (citing *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

Finally, because Zheng does not challenge the BIA's finding that his claim of ineffective assistance of counsel was insufficient to merit reopening, or its finding that his marriage and the birth of his child in the U.S. did not

4

constitute changed circumstances excusing the untimely filing of his motion, we do not address those portions of the BIA's opinion.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk